UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

SHARP MANAGEMENT, LLC,

        Plaintiff,

   v.

UNITED STATES OF AMERICA, et al.,

        Defendants.

CASE NO. C07-402JLR

ORDER

      This matter comes before the court on a complaint (Dkt. # 1) from Sharp Management, LLC ("Sharp"), which includes a request for a temporary restraining order. The court construes Sharp's submission as a motion for ex parte relief. For the reasons stated below, the court DENIES Sharp's motion.

      Sharp seeks to enjoin Defendants from seizing funds from its bank account to satisfy a tax debt. Sharp contends that the tax liability in question belongs to third-parties, not Sharp, and that Defendants have wrongfully named Sharp as the alter-ego of the third-parties. Sharp requests that the court enter a temporary restraining order that

ORDER – 1

directs Defendants to return Sharp's property and prevent additional levies on its bank account.

Without assessing the merits of Sharp's claims, the court finds that it has not met the standard for issuing a temporary restraining order without notice to the Defendants. Under Fed. R. Civ. P. 65(b), an ex parte temporary restraining order can issue only if:

(1) it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party or that party's attorney can be heard in opposition, and

(2) the applicant's attorney certifies to the court in writing the efforts, if any, which have been made to give the notice and the reasons supporting the claim that notice should not be required.

The court is not persuaded that Sharp will suffer irreparable injury before Defendants can be notified of its request for injunctive relief. In addition, Sharp's counsel has not adequately explained why this matter must be heard without notice. For these reasons, the court denies Sharp's motion for an ex parte temporary restraining order.

For the foregoing reasons, the court DENIES Sharp's motion for an ex parte temporary restraining order (Dkt. # 1). If Sharp seeks injunctive relief in the future, it should file a proper motion with the court and serve it on Defendants. Absent a showing of good cause, the court will consider a motion for a preliminary injunction according to the briefing schedule outlined in the local rules. Local Rules W.D. Wash. CR 7(d).

The court directs Sharp to serve Defendants with a copy of this order.

Dated this 19th day of March, 2007.

JAMES L. ROBART
United States District Judge

ORDER – 2

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

ORDER – 3